■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. SWANSON, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: At defendant's trial on two charges of arson involving two campsite trailers, a critical piece of evidence offered by the People was a tape recording of a telephone conversation between defendant and one Michael Farrow, a friend of defendant. The call was initiated by Farrow in the presence of police investigators who had provided the caller with a list of questions to guide the conversation. The call was prompted by a promise to Farrow of immunity from prosecution on an unrelated matter. ¶ The tape recording contains two distinctly severable conversations between defendant and Farrow relating to different and unrelated subjects. The first deals with only a truck fire and contains no mention of the trailers. The conversation then shifts to a discussion relating solely to fires involving the trailers. Over defendant's objection, the tape recording was admitted into evidence in its entirety, the court having found that the discussion of the truck fire was "inextricably interwoven" with the discussion concerning the trailers. There must be a reversal. ¶ "To be inextricably interwoven * * * the evidence must be explanatory of the acts done or words used in the otherwise admissible part of the evidence" (*People v Ventimiglia,* 52 NY2d 350, 361). Thus, evidence of the uncharged crime is not admissible simply because it is a part of a conversation, other parts of which are admissible, but it may be admissible if it is integral to an understanding of the entire conversation (*People v Ventimiglia, supra; People v Vails,* 43 NY2d 364). Such is not the case here. Each portion of the disputed tape is clearly understandable by itself and not dependent upon the other portion. That part of the taped conversation relative to the burning of a truck should be redacted so that the evidence presented to the jury at the new trial relates only to the burning of the trailers. ¶ We have examined defendant's other arguments and find them to be without merit. (Appeal from judgment of Genesee County Court, Morton, J. — arson, third degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.