■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LEE WHEELER, Appellant.—Kane, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered March 27, 1984, upon a verdict convicting defendant of the crimes of burglary in the third degree (two counts), grand larceny in the third degree (two counts) and criminal possession of stolen property in the second degree (two counts).

This case involves burglaries of seasonal residences owned by Charles Cote and Alvin Breisch located in the Town of Chester, Warren County. Eventually, the investigation of these two burglaries centered upon defendant and, on September 4, 1983, State Trooper Norman Duell and Investigator Robert J. Stedman approached defendant at his residence. Stedman administered Miranda warnings and defendant indicated that he understood them. Defendant thereafter confessed to the burglaries. Defendant was then transported to the police station where his confession was reduced to writing and signed by defendant after Miranda warnings had, once again, been administered. Additionally, upon receiving defendant's confession, it was determined that some of the property taken during the burglaries was present at his residence. Consequently, Stedman obtained a search and seizure waiver form. The form was read to defendant, who indicated that he understood it and signed the form.

After a lengthy trial, defendant was convicted of all six counts charged in the indictment. He was subsequently sentenced to prison terms of 3½ to 7 years for each of the two counts of burglary in the third degree and 2 to 4 years for each of the two counts of both grand larceny in the third

degree and criminal possession of stolen property in the second degree. The sentences were ordered to run concurrently. This appeal ensued.

Defendant contends that County Court abused its discretion by failing to grant his motion for a mistrial made during trial. Specifically, defendant argues that repeated references were made at trial concerning other burglaries in the area that defendant was not charged with committing in the indictment. It is urged that three instances of prejudicial error occurred during trial, which included (1) neighbor Sherman Frasier's testimony that several burglaries had occurred in the immediate vicinity at issue; (2) Trooper Duell's references to two or three alleged burglaries in the area; and (3) Investigator Stedman's testimony that defendant confessed to *four* burglaries.

Defendant never objected to Frasier's or Duell's testimony. A review of the record reveals that the testimony of Frasier and Duell did not prejudice defendant so as to call for County Court to order a mistrial *sua sponte (see,* CPL 280.10 [3]). Frasier merely stated that a burglary had occurred at the Woltje residence; he never stated that defendant committed this offense. Additionally, Duell's testimony merely established that two or three burglaries were investigated in the area, including that of the Breisch residence for which defendant was on trial.

We now turn to a discussion of the objected-to portion of Stedman's testimony. In response to a question concerning the transportation of defendant from his residence to the police station following his arrest, Stedman stated that "[w]e came on to Igerna Road and there four burglaries that the Defendant admitted to". Defendant immediately objected and moved for a mistrial. Following discussion outside the presence of the jury, County Court denied the motion. Thereafter, County Court gave a detailed curative instruction to the jury. A review of the record indicates that the prejudicial statement by Stedman was completely unexpected and that the prompt curative instruction alleviated any prejudice to a degree such that defendant was not deprived of a fair trial *(see,* CPL 280.10 [1]; *People v Young,* 48 NY2d 995, 996; Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 280.10, pp 510-512). Accordingly, County Court did not abuse its discretion in denying the mistrial motion.

After reviewing the record, we conclude that County Court did not err in refusing to suppress defendant's confession and certain real evidence seized at defendant's residence without a

search warrant. Contrary to defendant's contention, the record reveals that defendant's confession and consent for the search were voluntarily given. Furthermore, the evidence was sufficient to sustain defendant's conviction. Finally, we note that the sentence was not unduly harsh or excessive. The judgment should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.