■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HARRIS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 30, 1985, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was indicted with two codefendants in a two-count indictment charging them with criminal possession of ⅛ ounce or more of cocaine in violation of Penal Law § 220.09, a class C felony. In a negotiated plea, defendant was permitted to plead guilty to one count of the indictment. He was thereafter sentenced to 1⅓ to 4 years' imprisonment. Defendant contends that the sentence is excessive and an abuse of discretion because County Court imposed a harsher sentence on defendant than on the codefendants. An appellate court will not disturb a negotiated plea if the plea is just and proper

in relation to the facts of the case. Discretion in the imposition of sentence rests with the trial court and should not be disturbed unless there is a clear abuse of discretion *(People v Du Bray,* 76 AD2d 976).

The sentence imposed here is within the statutory limits and is not objectionable on those grounds. However, we conclude that, in view of the circumstances of this case, County Court abused its discretion as evidenced by the disparity of the sentence imposed on this defendant. While we do not minimize the gravity of the crime, the interest of justice dictates a modification of defendant's sentence in this case to that imposed on the other two codefendants. This defendant's guilt was commensurate with that of his codefendants, defendant's prior record did not call for harsher treatment, and, finally, the prosecutor, in recommending to County Court a sentence of six months' imprisonment and five years' probation, indicated that one of the codefendants was more culpable since he masterminded the crime. Accordingly, we modify defendant's sentence by reducing his prison term to time already served and imposing a term of probation *(see,* Penal Law § 65.00 [3] [a] [i]), the conditions of which shall be fixed by County Court.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed in accordance with the terms of this decision; matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.