THIRD DEPARTMENT, APRIL, 1989

(April 6, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM C. PRICE, Appellant.—Casey, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 17, 1986, upon a verdict convicting defendant of the crimes of sodomy in the second degree and sexual abuse in the second degree.

An investigation against defendant for sexual abuse of two minor boys commenced on December 4, 1985 as the result of a complaint made to State Police Investigator Richard Babcock by the mother of one of the boys. Although both boys initially denied any sexual activity with defendant, they subsequently, on December 6, 1985, admitted it and signed statements to that effect. Defendant was brought to the State Police barracks and, after waiving his *Miranda* rights, admitted sodomy and sexual abuse.

Defendant was indicted for sodomy in the second degree for engaging in deviate sexual intercourse with a person less than 14 years of age during July and again in August 1984. The second count accused defendant of sexual abuse in the second degree for subjecting a person less than 14 to sexual contact. After the prosecution's opening statement at trial, defense counsel moved for the production of the original statement of

one of the victims in which the boy denied any sexual activity with defendant. Apparently, that particular statement had not been given to the defense when it received other *Brady* material. Following a brief recess, defense counsel was given the statement and announced that he was ready to proceed.

The trial evidence revealed that defendant had met the younger of the two boys when defendant was attempting to sell a bicycle; the other boy was hired to mow defendant's lawn. Defendant befriended the two, took them on trips, let them shoot his rifle, and each stayed overnight at defendant's residence on separate occasions; it was on such occasions that the acts occurred. Defendant was a 60-year-old widower with prior felony convictions of grand larceny in the second degree in 1943 and rape in the first degree in 1949. Defendant offered the testimony of a clinical psychologist who stated that defendant has an IQ of 79 and is somewhat retarded. This witness further opined that defendant confessed impulsively to avoid a painful experience. In response, a psychologist called by the People testified that the original denial of the two victims could have been motivated by a fear of being considered homosexual and because they knew that such conduct was wrong. The witness further testified that defendant's intelligence was borderline but that he understood the written statement that he signed.

During trial, defendant asked a woman juror to give him a ride home. The juror refused and she reported the incident to County Court and to the foreperson of the jury. The court examined the juror in the presence of both counsel and kept her when she stated she could remain impartial. It was the juror's opinion that defendant did not recognize her as a juror. Defendant was found guilty as charged and sentenced to an indeterminate prison term of 2 to 6 years on the sodomy conviction and one year on the sexual abuse conviction, with the sentences to run concurrently.

On his appeal defendant first urges that error was committed by the prosecution in violation of County Court's ruling that defendant's prior convictions were not to be used at trial. Admittedly, the prosecutor failed to inform Babcock of this ruling, and when the prosecutor asked Babcock what he and defendant talked about at the time defendant's statement was taken, Babcock replied, "Life in general, his life with his wife who he informed me was deceased at the time; his life in prison." Defendant moved for a mistrial, which was denied. The court instructed the jury to disregard this question and answer. We do not view the question and answer of such a

magnitude as to have violated defendant's fundamental right to a fair trial *(see, People v Celeste,* 95 AD2d 961, 963). We further find the curative instructions to have been sufficient and that defendant failed to show further prejudice.

Defendant further argues that County Court failed to charge the jury that corroboration of testimony of victims under 17 years old was required since the elimination of the corroboration requirement prescribed in Penal Law § 130.16 (L 1984, ch 89, § 1, eff Nov. 1, 1984) would be ex post facto if applied to his case. We disagree. The Court of Appeals has now made it clear that the Legislature's repeal of the corroboration requirement in sex cases due to the victim's age does not violate the Ex Post Facto Clause *(People v Hudy,* 73 NY2d 40). The rule was procedural only and, therefore, did not affect culpability or punishment. Furthermore, the victims' testimony here was sufficiently corroborated by defendant's statement.

As to defendant's request of a juror for a ride home, we find that the contact was inadvertent and did not relate to the matter pending before the jury. County Court ascertained that the juror involved was in no way influenced by the contact which she, too, believed to be inadvertent. As to the delay in supplying the original statement of one of the victims until after the opening statement, we note that defense counsel did not request additional time when the statement was provided to him and that defendant has shown no prejudice. We also find that the legal representation that defendant received was meaningful *(see, People v Baldi,* 54 NY2d 137), and in the circumstances the sentence imposed was neither harsh nor excessive *(see, People v Harris,* 122 AD2d 458). The judgment of conviction should therefore be affirmed.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.