■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO BARRANCO, Appellant.—Judgment of the Supreme Court, Bronx County (Antonio Brandveen, J.), rendered November 23, 1988, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of from 4½ to 9 years, reversed, on the law, and a new trial ordered.

On July 2, 1987, undercover Police Officer Richard Lopez of the Bronx Special Anti-Crack Unit bought one vial of cocaine inside the lobby of 275 East 168th Street as part of a "buy and bust" operation. Defendant was arrested as the man who sold the cocaine to Lopez. A search of defendant by the arresting officer, Sergeant Kevin Sweeney, yielded only one tin-foil package of cocaine and three dollars. The ten dollars in pre-recorded buy money which Lopez had used to purchase the cocaine was not recovered. In a search of the lobby area, Sweeney discovered eleven vials of cocaine.

At trial, defense counsel and the prosecution agreed that the eleven vials should not be offered into evidence, nor should any mention of them be made by any witness. The State's case consisted of the testimony of only Lopez, the "buy" officer, and Sweeney, the arresting officer. During direct examination, when the prosecutor asked Sweeney whether he had recovered "anything of an evidentiary nature", Sweeney responded, "one tin foil of cocaine powder *and eleven vials.*" The prosecutor raised his hand at that point, and defense counsel immediately objected. A sidebar conference ensued, during which defense counsel moved for a mistrial and the prosecutor insisted that a curative instruction would suffice. The Trial Justice stated that, because only fifteen minutes remained before he planned to adjourn for the day, he would let the jury go a few minutes early and would reserve decision on defense counsel's motion. Upon reconvening the next morning, the Trial Justice denied the defense motion for a mistrial, giving a curative instruction instead. Because we believe the trial court erred in failing to declare a mistrial, we do not address the issues raised by defendant in his brief in regard to the adequacy of the curative instruction given.

"[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" *(People v Ortiz,* 54 NY2d 288, 292, citing *Hall v Potoker,* 49 NY2d 501), and its decision will not be disturbed "unless it amounts to an abuse of discretion" *(supra,* at 292). It is the opinion of this court that Sweeney's testimony was so prejudicial that defendant's right to a fair trial could only be protected by the declaration of a mistrial. It is particularly significant that the jurors had Sweeney's testimony in their minds overnight, before they were given the curative instruction to disregard it. Nor are we persuaded by the People's argument that Sweeney was cut off after saying "eleven vials" so that the jury did not hear "of cocaine." There is little doubt that every member of the Bronx jury knew exactly what was meant by "eleven vials". No

curative instruction could remedy the prejudice which inevitably resulted from the jury hearing this statement from the arresting officer who had searched defendant.

*People v Molineux* (168 NY 264) established the rule that evidence of unconnected, uncharged prior crimes is generally inadmissible. In the matter before us, it was agreed that the eleven vials were inadmissible and Sweeney was so informed before taking the stand. It cannot be said in this case that "the error was not so egregious as to warrant a mistrial" *(People v Martin,* 154 AD2d 554, 555) or that there were available "less drastic means of alleviating whatever prejudice may have resulted" *(People v Young,* 48 NY2d 995, 996). Because the resulting prejudice was too great to be countermanded by a curative instruction, it was an abuse of discretion for the Trial Justice to deny defendant's motion for a mistrial.

While improprieties committed by the prosecutor upon summation may not have been preserved for our review, this court is mindful of the admonition by the Appellate Division Second Department: "As an officer of the court, and as a representative of the People of the State, a prosecutor must refrain from summing up in a manner that denies the defendant his right to a fair trial" *(People v Schaaff,* 71 AD2d 630, 631). The prosecutor acted improperly by characterizing defendant, more than once during summation, as a "drug dealer." Thus, though we reverse on the ground that reference to the eleven vials required the court to declare a mistrial, we note that defendant did not receive a trial otherwise free from prejudice. Concur—Carro, J. P., Ellerin, Smith and Rubin, JJ.

Kupferman, J., dissents in a separate memorandum, as follows: This court understands that the decision to grant or deny a motion for a mistrial is within its trial court's discretion and so, as it must, it finds an abuse of discretion in order to reverse and order a new trial.

It does so on the basis that a "Bronx jury" would know what was meant by "eleven vials". I am willing to concede that a Bronx jury would be knowledgeable. So knowledgeable, in fact, that it could understand the direction given by the trial court, as follows:

"I want you to please disregard the witness, Sergeant Sweeney's *[sic]*, reference to eleven vials in the last question which was put to him yesterday afternoon. I have ruled in this case that the eleven vials were not recovered from this Defendant.

"Additionally, the Prosecution and the Defense have agreed,

no reference should be made to these eleven vials. You, the jury, are not to consider this testimony as evidence. In fact, that testimony is stricken from the record as if it never occurred anywhere in the world. You are, again I say to you, to disregard that testimony. And, again I say to you, these items were never recovered from Mr. Barranco."

To call the defendant here convicted a drug dealer is merely to elucidate the obvious and to do so is not prejudicial.