■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN L. HEATH, Appellant.—Judgment unanimously reversed on the law and new trial granted on count two of the indictment; indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: Defendant was convicted of manslaughter in the first degree as a lesser included offense of murder in the second degree and criminal possession of a weapon in the third degree as charged. The charges arose out of the stabbing death of Al Coney at Ethyl's Restaurant in Utica on February 12, 1988. On appeal, defendant argues that the court committed reversible error by admitting evidence without the benefit of a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350) and over defense counsel's objection that defendant was involved in two unrelated, uncharged assaults earlier on the morning of the stabbing. We agree and, because the proof of guilt was not overwhelming, we reverse the conviction.

At trial, over defense counsel's objection and without the benefit of a *Ventimiglia* hearing, the court admitted the testimony of two witnesses who claimed that defendant had attacked them at a different location eight to nine hours before Coney was stabbed. Sylvester Weathers testified that defendant lured him into the men's room at an after-hours bar, punched him in the eye, and stole some silver chains from around his neck. Evelyn Weathers testified that defendant attacked her with a knife at the after-hours bar. A

mistrial motion based on this testimony made by defense counsel was denied.

"Evidence of uncharged crimes or immoral conduct is inadmissible unless offered for some purpose other than to raise an inference that a defendant has a criminal propensity" *(People v Kocyla,* 167 AD2d 938, 939). Evidence of prior uncharged crimes may be received if it is relevant to establish some element of the crimes under consideration or if it is relevant under one of the recognized exceptions to the general rule *(see, People v Alvino,* 71 NY2d 233, 241). Evidence of uncharged crimes may be relevant to show (1) intent, (2) motive, (3) knowledge, (4) common plan or scheme, or (5) identity of the defendant *(People v Alvino, supra,* at 242; *People v Molineux,* 168 NY 264, 293). When the People desire to have evidence of uncharged crimes admitted, the People should seek a ruling from the court prior to the introduction of the testimony *(see, People v Ventimiglia, supra,* at 362; *People v Powell,* 152 AD2d 918). The court must then conduct a two-part inquiry, first determining whether the evidence is relevant to some issue other than defendant's criminal propensity. If it is, the court must then determine whether its probative value outweighs its "potential for mischief" *(People v Hudy,* 73 NY2d 40, 55).

Here, the People did not seek a *Ventimiglia* ruling nor did the court engage in the required two-part inquiry before overruling defense counsel's objections to the testimony. Had the correct procedure been followed, the court would have been required to deny admission of most of the testimony.

The testimony of Sylvester Weathers was not probative of any element of the crimes charged nor admissible under any of the recognized exceptions. It served no purpose but to demonstrate that defendant is an assaultive person *(see, People v Ranieri,* 144 AD2d 1006, *lv denied* 73 NY2d 895).

The testimony of Evelyn Weathers suffers from the same infirmity. The only portion of her testimony that was probative was her observation of defendant with a knife in his possession, although the probative value of this observation is limited because it occurred eight to nine hours before the events from which these charges arose. However, the court was under an obligation to redact the testimony to admit only that portion which was relevant *(see, People v Ely,* 68 NY2d 520, 531; *People v Ventimiglia, supra,* at 361; *People v Swanson,* 103 AD2d 1024). The evidence that defendant attacked Weathers with a knife went only to his assaultive propensity and was not admissible.

Although the court gave limiting instructions to the jury, the instructions were, for the most part, incomprehensible. We decline to find the erroneous admission of this testimony harmless because, in our view, the evidence of defendant's guilt is less than overwhelming.

We further conclude that the prosecutor failed to comply with CPL 240.43 by not seeking an advance ruling from the court before cross-examining defendant on the uncharged crimes testified to by the Weatherses.

In light of the foregoing, we reverse the judgment of conviction and grant a new trial on count two of the indictment. Inasmuch as defendant was acquitted of murder in the second degree, that count of the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Jackson, 167 AD2d 893). (Appeal from Judgment of Oneida County Court, Murad, J.—Manslaughter, 1st Degree.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.