■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Also Known as MICHAEL LEWIS, Also Known as WILLIAM BROWN, Appellant.

Police officers responded to a radio run emanating from a telephone call to "911" by an anonymous caller, who reported observing a burglary in progress at a restaurant across the street from his apartment. Those officers observed a shattered glass door and defendant running from the scene. Thereafter, a second telephone call to "911" from the same caller, alerted the officers that the suspected burglars were on the restaurant roof. This information was relayed to the officers on the scene who, after a struggle, apprehended defendant.

Defendant contends that Criminal Term erroneously admitted into evidence the "911" tape recording of the two telephone messages, upon the basis that said recording constituted a present sense impression exception to the hearsay rule (People v Luke, 136 Misc 2d 733 [1987], affd 147 AD2d 990 [1st Dept 1989]).

The present sense impression exception, has been explained as follows: "Although these statements lack whatever assurance of reliability there is in the effect of an exciting event, other factors offer safeguards. First, since the report concerns observations being made at the time of the statement it is safe from any error caused by a defect of the declarant's memory. Second, a requirement that the statement be made contemporaneously with the observation means that there will be little or no time for calculated misstatement. Third, the statement will usually have been made to a third person (the witness who subsequently testifies to it) who, being present at the time and scene of the observation, will probably have an opportunity to observe the situation himself and thus provide a check on the accuracy of the declarant's statement, i.e. furnish corroboration" (McCormick, Evidence § 298, at 860 [3d ed 1984]).

The Federal Rules of Evidence contain a present sense impression exception to the hearsay rule, and it is defined as follows: "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" (Fed Rules Evid, rule 803 [1]).

Since we find that the reliability of the present sense impression, evidenced by the "911" tape recording, was confirmed by the eyewitness observations of police officers, who arrived at the crime scene within moments of the first "911" call *(People v Luke, supra)*, we further find that Criminal Term properly admitted the recording.

Defense counsel's general objection to comment by the prosecutor in summation regarding defendant's admitted drug habit, was sustained and Criminal Term precluded further comment on the subject. Additionally, that Court promptly instructed the jury to disregard such comments, and reminded the jury that attorneys' comments do not constitute evidence. It is presumed that the jury followed the trial court's prompt and clear curative instructions *(see, People v Davis,* 58 NY2d 1102 [1983]). Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.