■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRAHAM, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered June 9, 1989, convicting defendant after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and attempted assault in the second degree, and sentencing him as a second felony offender, to a term of imprisonment of 8 to 16 years for the narcotics conviction to be served before two concurrent terms of imprisonment of 2 to 4 years for the weapon and attempted assault convictions, unanimously affirmed.

The record is not adequate to review defendant's argument that a hearing was necessary to determine whether the prosecutor had race neutral reasons for exercising her peremptory challenges excluding black jurors *(see, People v Rodriguez,* 177 AD2d 269). A " 'pattern of strikes' " may suggest an improper use of challenges *(People v Jenkins,* 75 NY2d 550, 556), but counsel's speculative numerical analysis did not satisfy his obligation to make a preliminary showing of impropriety.

In view of trial counsel's concession that appropriate curative instructions were given regarding the proof of uncharged crimes that was stricken from the record, denial of defendant's eleventh hour motion for a mistrial was not an abuse of discretion *(People v Ortiz,* 54 NY2d 288, 292). Defendant went forward with the trial with the understanding that the court would address the objectionable evidence in the very fashion that it did, and we can presume that the jury followed the court's specific instruction *(People v Davis,* 58 NY2d 1102).

Defendant's conviction is not against the weight of the evidence. While defendant's medical evidence raised an issue

for the jury, our review of the record discloses no reason to disturb the jury's determination of the identification issue *(see, People v Bleakley,* 69 NY2d 490). Also, no error was committed in disallowing defendant's offer of a 911 tape purportedly showing that the perpetrator the police were pursuing fled into an apartment. In contrast to *People v Brown* (179 AD2d 485), here there was no independent confirmation of the contents of the tape *(see also, People v Watson,* 100 AD2d 452). Concur—Murphy, P. J., Rosenberger, Ellerin, Kupferman and Kassal, JJ.