■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RODRIGUEZ, Appellant. [598 NYS2d 236] —Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered June 28, 1990, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of imprisonment of 5 to 10 years, unanimously affirmed.

The prosecutor's attempt to question defendant concerning whether he had ever possessed a controlled substance was improper. It was not admissible to impeach defendant's credibility, as a pre-trial *Sandoval* ruling had limited such questioning. Moreover, it was clearly not admissible under *People v Alvino* (71 NY2d 233) as evidence of defendant's intent to sell drugs in the instant case. In that case, the Court made clear that evidence of prior criminal acts for such a purpose is not permissible "where intent may be easily inferred from the commission of the act itself" *(supra,* at 242). In this "buy and bust" case, the evidence of intent to sell was clearly implied by the sale itself.

While we find that the questioning was not proper, it does not warrant reversal. The court cut the prosecutor off almost immediately upon his commencement of the line of questioning and then ruled that further inquiry on the subject was

impermissible. While the court failed to strike the one response by defendant acknowledging that he had previously possessed a controlled substance, in light of the overwhelming evidence of guilt, this error was clearly harmless. Concur— Milonas, J. P., Ellerin, Kupferman and Ross, JJ.