■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL TOLBERT, Appellant. [608 NYS2d 198] —Judgment of the Supreme Court, New York County (Mary Davis, J.), rendered September 5, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion under CPL 255.20 (1) and (3) in denying defendant's severance motion, finding that there was no good cause shown as required by CPL 200.40 (1) (d) (iii). "[T]he court is not required to sever where the possibility of the codefendant's testifying is merely colorable or speculative" *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905), or where there is no showing that defendant will be unduly prejudiced by a joint trial *(People v Mahboubian,* 74 NY2d 174, 183). Defendant merely claimed that his codefendant might give exculpatory testimony on his behalf.

The court also properly denied defendant's motion for a mistrial after one of the People's witnesses made reference to a beeper found on defendant's person. As we stated in *People v Barranco* (174 AD2d 343, 344), " '[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion' *(People v Ortiz,* 54 NY2d 288, 292, citing *Hall v Potoker,* 49 NY2d 501), and its decision will not be disturbed 'unless it amounts to an abuse of discretion' *(supra,* at 292)". The reference to the beeper was not so prejudicial that defendants were denied a fair trial and, thus, they are not entitled to a mistrial *(compare, People v Barranco, supra* [testimony regarding "eleven vials" found in vicinity of defendant's arrest constitutes evidence of uncharged crimes]). There were available "less drastic means of alleviating whatever prejudice may have resulted" *(People v Young,* 48 NY2d 995, 996). Supreme Court offered to give a curative instruction to countermand the asserted prejudice, but defense counsel declined the offer. The prosecutor stated that he had instructed the witness not to mention the beeper, and there was a sufficient basis to find that the oversight did not imply prosecutorial misconduct.

Defendant's additional claims on appeal are without merit. Closing of the courtroom is permissible where the record demonstrates that testimony of an active undercover officer in open court would compromise his safety *(People v Martinez,* 82 NY2d 436). Nor is there any basis to reverse the conviction or remand the case for further proceedings based on allegations of juror misconduct. The alternate jurors were properly discharged, and the court sufficiently inquired into the substance of the allegations, encountering no further objections from defendant or his counsel *(see, People v Simms,* 176 AD2d 833, 834, *lv denied* 79 NY2d 832). Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.