*1013 OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, pursuant to CPL 330.30 (1), to vacate a verdict of guilty after a jury trial convicting him of murder in the second degree, upon the ground that prosecutorial misconduct occurred during the trial which resulted in an erroneous denial of his motion for a mistrial pursuant to CPL 280.10.
A police sergeant in the course of the trial was questioned concerning her conversation with the defendant during an interview prior to his arrest. The avowed purpose of this line of questioning was to demonstrate the discrepancies between this statement and the defendant’s postarrest statement as evidence of consciousness of guilt. After the sergeant had repeated part of this conversation relating to the defendant’s employment, she was asked, "Did he say anything else to you?”, and she replied, "Yes, in relation to that also he told me he was the subject of a police murder investigation.”
Before the sergeant could complete her answer, there was an immediate objection and that objection was immediately sustained. The jury was then excused, and the defendant made a motion for a mistrial. After hearing arguments, decision was reserved, and the motion was ultimately denied. A detailed curative instruction to which the defendant contributed was then given to the jury, and all the jurors agreed that they could disregard this inadmissible testimony.
The defendant claims that the elicitation of this testimony was deliberate, and that the failure of the prosecutor to conform to the procedure delineated in People v Ventimiglia (52 NY2d 350) should have mandated a mistrial. The defendant correctly emphasizes that at a pretrial conference the prosecutor was warned that the defendant would seek to restrict a similar conversation he allegedly had with a fellow inmate at the jail, and that this should have alerted him to the defendant’s concern.
The primary response to the prosecutor is that the sergeant’s answer was inadvertent.
The prosecutor argues[1] that the answer was not the equiva *1014 lent of an admission of a prior crime;[2] that the defendant was aware of the defendant’s statement from a police report and pretrial hearing and neglected to move to preclude;[3] that the defendant explained during the trial that he was on parole and was experienced in the criminal justice system to justify his false explanations to the police;[4] that such testimony should be admissible to refute the defendant’s assertion that his written statement to the police was involuntary;[5] and that at a postverdict hearing six jurors confirmed that the jury had adhered to the court’s curative instruction.[6]
Because of the disparity between the defendant’s allegation that the sergeant’s testimony was deliberate, and the prosecutor’s allegation that it was inadvertent, a hearing was conducted to resolve this factual dispute.[7]
At the hearing the sergeant testified that the prosecutor had, prior to trial, discussed with her three areas concerning her conversation with the defendant; that these areas were the defendant’s employment, his relationship to the victim, and any information he might have regarding the murder; that there were potentially damaging remarks by the defendant she was warned to avoid; that she was never instructed either to repeat, or not to repeat, this particular statement;[8] and that she answered the question posed as she did, because it was the continuation of the sentence in which the defendant related his employment.
*1015 The prosecutor testified in basically the same fashion; he added that since he had already questioned the sergeant in the area of the defendant’s employment and relationship to the victim, he expected the answer to the inappropriate question to be related to the defendant’s knowledge of the incident; and he emphatically confirmed that he did not anticipate or want the defendant’s statement to be divulged.
The testimony of the sergeant and the prosecutor was found to be credible.[9]
The testimony of the sergeant that the defendant stated to her that he had been investigated in relation to a prior homicide was extremely prejudicial as this defendant was on trial for a similar crime (see, People v Carter, 195 AD2d 566, lv denied 82 NY2d 752; People v Heath, 175 AD2d 562, supra). However, instead of a court invoking the drastic remedy of a mistrial because of such reference (see, People v Barranco, 174 AD2d 343, supra; People v Stevenson, 59 AD2d 972), under the proper circumstances an appropriate remedy could be the striking of the offensive testimony and a curative instruction (People v Blasich, 73 NY2d 673; People v Santiago, 52 NY2d 865).
There are four levels of responses to questions which can cause prejudice to the defendant by manifesting criminal conduct of the defendant other than that for which he is being tried.
The first category is the answer given to a prosecutor’s question which is totally spontaneous and which has no relation to the query. Cases exemplifying this type of response are: People v Brown (193 AD2d 612, lv denied 82 NY2d 714— defendant was charged with drug possession and prosecution witness testified that defendant was "target” of police surveillance); People v Vann (182 AD2d 655, lv denied 80 NY2d 910, 81 NY2d 894, 81 NY2d 977, supra — defendant was charged with robbery and the complainant testified to a threat made to him by the defendant in which he referred to the defendant’s prior conviction for "killing someone”); People v Newton (135 AD2d 1115, lv denied 71 NY2d 971 — defendant was charged with attempted rape and complainant remarked that she knew that the defendant had killed his brother).[10]
*1016 The second category is the answer given to the prosecutor’s question which is in response to the question but which is not the answer expected. Illustrative of these types of answers are: People v Rotundo (194 AD2d 943, lv denied 82 NY2d 726 — the informant in response to the prosecutor’s question as to how he knew the defendant replied "drug dealer”); People v Guise (179 AD2d 1027, lv denied 79 NY2d 1001 — police officer testified on direct examination that when he asked the defendant whether he understood his constitutional rights, the defendant responded "Yes. I have been arrested before”); People v Price (149 AD2d 754, 755, lv denied 74 NY2d 667, supra — prosecutor asked investigator what he and the defendant talked about at the time of the defendant’s statement, and he answered "Life in general, his life with his wife * * * his life in prison”).
The third category is the answer given to a prosecutor’s question which is in response to the prosecutor’s question and which is the answer expected. Examples of these types of answers are contained in People v Johnson (194 AD2d 870, lv denied 82 NY2d 721 — there was testimony that the defendant removed a number of small packages of cocaine from his pocket when two police informants purchased cocaine from the defendant in "controlled buy” situation);[11] People v Fischman (191 AD2d 841, lv denied 81 NY2d 1013 — prosecutor showed cooperating coconspirator fraudulent invoices covering 44 patients [six more than included in indictment] to substantiate 38 bogus claims of the defendant); People v Ashford (190 AD2d 886, 887, lv denied 81 NY2d 1069 — prosecutor asked confidential informant if he had ever purchased drugs from the defendant in the past and the answer was "Yes, I have”).
The appellate courts in all of the cases in these three categories held that the defendants’ motions for mistrials were properly denied, and that the subsequent curative instructions were sufficient to alleviate any prejudice to the defendant.
The fourth, and most egregious, category is the answer given to a prosecutor’s question where the prosecutor is in violation of a court order not to ask the question. The cases which illustrate this situation are: People v Jiminez (200 AD2d 889 — a prosecution witness testified that the defendant had used drugs in contravention of a prior ruling disallowing such inquiry); People v Rodriguez (194 AD2d 316, lv denied *1017 82 NY2d 725 — the prosecutor questioned the defendant whether he had ever possessed a controlled substance contrary to a pretrial ruling, and the defendant acknowledged that he had);[12] People v Barranco (supra, at 344 — after parties agreed 11 vials of cocaine would not be mentioned by any witness, the prosecutor asked the arresting officer if he had recovered "anything of an evidentiary nature,” and the officer responded "one tin foil of cocaine and eleven vials”).
Even these serious breaches did not produce automatic mistrials. In the first case, the curative instruction was found adequate to correct the error; in the second case, the fact that the Court cut the prosecutor off almost immediately was deemed sufficient redress; only in the third case was the testimony found to be so prejudicial that it could not be eradicated by a curative instruction.[13]
The sergeant’s response here equates to a combination of the answer in the second and third categories. It may not have been the answer that the prosecutor expected, but it was an answer that the prosecutor should have expected due to the nonspecific nature of the question, and his awareness that the reference to the homicide investigation was included in the same sentence as the defendant’s employment reference.
Nevertheless, an incriminating answer in the second and third categories does not require that a motion for a mistrial be granted, and can be remedied by striking the answer and giving the jury a curative instruction.
Since that was the procedure followed in this case, the defendant’s motion for a mistrial was properly rejected, and the defendant’s present application to vacate the verdict must be denied.

. Resort to another analysis made it unnecessary to consider the matters advanced by the prosecutor in expurgation other than by reference in the following footnotes.

. This argument has minimal merit (see, People v Rackis, 195 AD2d 893; People v Wheeler, 114 AD2d 688).

. This may he a somewhat meritorious argument (see, People v Abdullah, 134 AD2d 503, lv denied 71 NY2d 965).

. This argument likewise may be meritorious (see, People v Messina, 196 AD2d 557; People v Simon, 180 AD2d 866, lv denied 80 NY2d 838).

. This is an untenable argument (see, People v Folk, 176 AD2d 754, lv denied 79 NY2d 947).

. A postverdict hearing was held pursuant to CPL 330.40 (2) (f) to investigate an allegation that a male juror prior to jury selection had opined the defendant was guilty (see, People v Tokarski, 178 AD2d 961); all six male jurors authenticated that the jury did not discuss the objectionable statement. This may be an acceptable argument (see, People v Graham, 181 AD2d 504, lv denied 80 NY2d 831, 81 NY2d 886; People v Barranco, 174 AD2d 343, 345 [dissenting opn]).

. Appellate courts have been able to glean inadvertence from the record (e.g., People v Simon, 180 AD2d 866, lv denied 80 NY2d 838, supra; People v Wheeler, 114 AD2d 688, supra).

. This is not fatal to the prosecutor’s position (see, People v Price, 149 AD2d 754, lv denied 74 NY2d 667), although such an admonition would have been preferable (see, People v Vann, 182 AD2d 655, lv denied 80 NY2d 910, 81 NY2d 894, 81 NY2d 977).

. This finding eliminates any violation of People v Ventimiglia (52 NY2d 350, supra; see, People v Heath, 175 AD2d 562).

. The cases in this area are legion, but the ones selected have obvious relevance to this situation.

. In this case the defendant rejected the court’s offer to give a curative instruction to the jury.

. This case, although it involves a defendant as a witness, represents an analogous situation, and is therefore relevant on this issue.

. The dearth of cases in which a mistrial was actually declared is probably due to the fact that they are "infrequently granted inasmuch as the cost, literally and legally, is very great” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A [1982], CPL 280.10).