# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

384

KA 11-00056

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

BENJAMIN S. GIBBS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered October 20, 2010. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count one of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law §§ 130.50 [4]; 130.96). We agree with defendant that County Court committed reversible error by admitting evidence of prior bad acts of sexual abuse against the victim's mother and another woman. With the assistance of the police, the victim's mother recorded a telephone conversation between herself and defendant, and she made repeated references to the prior bad acts throughout the conversation in her attempt to have defendant admit to sexually abusing the victim. We conclude that the court erred in determining that the references to the prior bad acts were admissible because they were inextricably interwoven with the allegations against the victim. In the context of a recorded call, when references to prior bad acts in the conversation are "inextricably interwoven with the crime charged in the indictment," the entire conversation "may be received in evidence . . . where . . . the value of the evidence clearly outweighs any possible prejudice" (*People v Vails*, 43 NY2d 364, 368-369). " 'To be inextricably interwoven . . . the evidence must be explanatory of the acts done or words used in the otherwise admissible part of the evidence' " (*People v Swanson*, 103 AD2d 1024, 1024, quoting *People v Ventimiglia*, 52 NY2d 350, 361). Here, we conclude that the disputed references were not explanatory of the rest of the conversation. The statements regarding defendant's prior bad acts were numerous, but

they could have been redacted from the transcript of the recorded call without making the statements regarding the victim incomprehensible (*see Swanson*, 103 AD2d at 1024).  In other words, the statements concerning the victim are "clearly understandable" by themselves and are "not dependent upon" the statements concerning defendant's prior bad acts (*id.*).  We further conclude that the prejudicial effect of those numerous references to the prior bad acts outweighed any probative value, and the references therefore should have been redacted (*see People v Resek*, 3 NY3d 385, 389).

We further agree with defendant that the court abused its discretion in its *Sandoval* ruling.  The court ruled that defendant could be cross-examined with respect to a prior offense if he were to testify because that evidence was already admitted through the recorded telephone call.  In so ruling, the court failed to balance the probative value of the evidence with the prejudicial effect (*see People v Williams*, 56 NY2d 236, 238-239; *People v Clark*, 42 AD3d 957, 959, *lv denied* 9 NY3d 960).  We agree with defendant that the above errors are not harmless inasmuch as the proof against defendant was not overwhelming (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court