# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**440**

**KA 12-00167**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

VERNON V. SPEARS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARRIS BEACH PLLC, PITTSFORD (KARA E. STODDART OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 11, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). At trial, a police officer testified, in violation of Supreme Court's prior *Ventimiglia* ruling, that he became involved in the subject investigation upon receiving "a call for a gun point robbery." Defense counsel objected, and the court struck the testimony, instructed the jury to disregard it, and excused the jury. Defense counsel then moved for a mistrial outside the presence of the jury, and the court determined that it would issue a further curative instruction rather than granting the motion. The jury returned, and the court again instructed it to disregard the testimony. Defendant contends on appeal that the court abused its discretion in denying his motion for a mistrial.

As an initial matter, we conclude that defendant was not required to make a further objection or request for relief following the court's curative instructions in order to preserve for our review his contention that the court erred in denying his motion for a mistrial (*see People v Smith*, 97 NY2d 324, 329-330; *People v Barranco*, 174 AD2d 343, 344-345; *cf. People v Heide*, 84 NY2d 943, 944). To the extent that prior decisions of this Court, including *People v Ielfield* (132 AD3d 1298, 1298-1299), suggest a contrary rule, those decisions are not to be followed. With respect to the merits, however, we conclude

that the court's instructions were sufficient to alleviate any prejudice resulting from the police officer's single statement (*see People v Allen*, 78 AD3d 1521, 1521, *lv denied* 16 NY3d 827; *People v Young*, 55 AD3d 1234, 1236, *lv denied* 11 NY3d 901; *cf. Barranco,* 174 AD2d at 344-345), and we note that "[i]t is well settled that 'the jury is presumed to have followed' th[ose] curative instruction[s]" (*Allen*, 78 AD3d at 1521).

Entered: June 10, 2016                          Frances E. Cafarell
                                                Clerk of the Court