People v Daskiewich (2021 NY Slip Op 04305)





People v Daskiewich


2021 NY Slip Op 04305


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


497 KA 21-00170

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL F. DASKIEWICH, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered December 6, 2019. The judgment convicted defendant upon a jury verdict of criminal sexual act in the first degree (two counts), criminal sexual act in the third degree (two counts), sexual abuse in the first degree, endangering the welfare of a child and unlawfully dealing with a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences imposed for criminal sexual act in the first degree under counts one and three of the indictment to determinate terms of incarceration of 7½ years and a period of postrelease supervision of 20 years, and directing that those sentences run consecutively to each other but concurrently with the sentences imposed on the remaining counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of criminal sexual act in the first degree (Penal Law § 130.50 [1]) and criminal sexual act in the third degree (§ 130.40 [2]). Defendant contends that he was denied due process of law and was prejudiced by the admission in evidence of a controlled telephone call between defendant and the victim, allegedly acting as an agent of the police, without being afforded a Huntley hearing on the voluntariness of his statements during that call. Defendant sought suppression of various statements that he made on the ground that they were involuntary and, in the alternative, he requested a Huntley hearing. At the Huntley hearing, however, the only issue before County Court was the voluntariness of defendant's statements to the police, not his statements to the victim during the controlled call. Defendant raised no objection at the hearing, never sought a ruling on that part of his motion seeking to suppress the statements made during the controlled call, and failed to object to the admission of the controlled call at trial on the ground that his statements were involuntarily made. We therefore conclude that he abandoned his request to suppress the statements made during the controlled call (see People v Contreras, 154 AD3d 1320, 1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; see generally People v Garcia, 148 AD3d 1559, 1561 [4th Dept 2017], lv denied 30 NY3d 980 [2017]; People v Barill, 120 AD3d 951, 953-954 [4th Dept 2014], lv denied 24 NY3d 1042 [2014], reconsideration denied 25 NY3d 949 [2015], cert denied 577 US 865 [2015]).
We reject defendant's further contention that his statements during the controlled call regarding possible future sexual acts with the victim were highly prejudicial and should have been redacted. Defendant correctly concedes that those parts of the controlled call containing defendant's admissions concerning the charged crimes were properly admissible in evidence (see People v Ward, 107 AD3d 1605, 1605-1606 [4th Dept 2013], lv denied 21 NY3d 1078 [2013]; People v Cruz, 41 AD3d 893, 896 [3d Dept 2007], lv denied 10 NY3d 933 [2008]). "In the context of a recorded call, when references to prior bad acts in the conversation are 'inextricably interwoven with the crime charged in the indictment,' the entire conversation 'may be received in evidence . . . where . . . the value of the evidence clearly outweighs any possible prejudice' " [*2](People v Gibbs, 126 AD3d 1409, 1409 [4th Dept 2015]). At oral argument of defendant's motion in limine, defense counsel agreed that defendant's admissions with respect to the charged crimes and his statements concerning the possible future sexual encounter with the victim were "intertwined throughout the call." Thus, the court properly concluded that the entire controlled call was admissible in evidence to complete the narrative (see People v Juliano, 128 AD3d 1521, 1522 [4th Dept 2015], lv denied 26 NY3d 931 [2015]). The court also properly concluded that the prejudicial effect of the references to defendant's statements concerning a possible future sexual encounter with the victim did not outweigh their probative value (see People v Hall, 182 AD3d 1023, 1024 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]). Defendant failed to preserve for our review his contention that the court erred in failing to give a limiting instruction (see CPL 470.05 [2]; Hall, 182 AD3d at 1024), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, the court did not abuse its discretion in admitting in evidence the testimony of the People's expert concerning child sexual abuse accommodation syndrome (see People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]; see generally People v Nicholson, 26 NY3d 813, 829 [2016]).
We reject defendant's contention that the court erred in imposing consecutive sentences for the counts of criminal sexual act in the first degree. Although the two acts constituting those crimes "took place over a continuous course of activity, they constituted separate and distinct acts" (People v Bailey, 17 AD3d 1022, 1023 [4th Dept 2005], lv denied 5 NY3d 803 [2005] [internal quotation marks omitted]; see People v Boyd, 175 AD3d 1030, 1031 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]). Defendant's contention that the sentence constitutes cruel and unusual punishment is not preserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]; People v McDermid, 177 AD3d 1412, 1412 [4th Dept 2019], lv denied 34 NY3d 1161 [2020]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's further contention that the disparity between the plea offer of 15 years' incarceration and 20 years' postrelease supervision and the sentence he received after trial establishes that he was punished for asserting his right to a jury trial. "The imposition of a more severe sentence after trial than that offered to defendant pursuant to a plea offer that he rejected, without more, does not support the contention of defendant that he was penalized for exercising his right to go to trial" (People v Taplin, 1 AD3d 1044, 1046 [4th Dept 2003], lv denied 1 NY3d 635 [2004] [internal quotation marks omitted]; see People v Becraft, 140 AD3d 1706, 1706 [4th Dept 2016], lv denied 29 NY3d 946 [2017]). "[D]efendant's rejection of the plea offer . . . required the victim to testify about the sexual abuse at trial, a factor . . . recognized as a legitimate basis for the imposition of a more severe sentence after trial than that which the defendant would have received upon a plea of guilty" (Becraft, 140 AD3d at 1707 [internal quotation marks omitted]). We agree with defendant, however, that the aggregate sentence of 40 years' incarceration with 20 years' postrelease supervision is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentences imposed for the two counts of criminal sexual act in the first degree to determinate terms of 7½ years' incarceration with 20 years' postrelease supervision, to run consecutively to each other but concurrently with the sentences imposed on the remaining counts (see CPL 470.15 [6] [b]), for an aggregate sentence of 15 years' incarceration and 20 years' postrelease supervision.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court