■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOUNG PARK, Appellant.—Judgment, Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered March 20, 1991, convicting defendant, after a jury trial, of assault in the third degree, and sentencing him to a term of probation of 3 years and a fine of $250, unanimously affirmed.

Defendant's challenges to various comments made by the prosecutor during summation are unpreserved for review as a matter of law either because defense counsel made only general, unelaborated objections to the comments in a question *(People v Balls,* 69 NY2d 641), or, where objections were made and sustained, did not request curative instructions *(People v Lewis,* 175 AD2d 885, *lv denied* 79 NY2d 829). In any event, were we to review in the interest of justice, we would find that the majority of the prosecutor's comments constituted fair comment on the evidence and proper response to arguments made by defense counsel during summation *(supra),* or that the court's prompt intervention and instructions prevented any prejudice. Any potential prejudice caused by the prosecutor's brief attempt to define circumstantial evidence was dissipated by the prefatory comment that the court would be instructing the jury thereon *(People v Hart,* 176

AD2d 148, 149, *lv denied* 79 NY2d 827). In addition, when the prosecutor attempted to define intent, the court promptly sustained an objection and directed the prosecutor to "stick to the facts and leave the law to the Court", a point later brought home to the jury when they were instructed to accept the principles of law as stated by the court. We have considered defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.