■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SUTTON, Appellant. [600 NYS2d 637] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered February 14, 1990, convicting defendant, after jury trial, of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

Defendant raises numerous issues which were previously rejected by this Court in deciding the appeal of codefendant Robert Braithwaite (188 AD2d 388). In addition, defendant claims that the prosecutor's summation comment regarding the failure of a People's witness to make an in-court identification of him improperly bolstered that witness's testimony. The trial court properly exercised its discretion in denying defendant's application for a mistrial based, *inter alia,* on this comment *(People v Ortiz,* 54 NY2d 288). Thereafter, the trial court sustained the objection and gave a detailed curative instruction to the jury. As defendant requested no further curative action, he has waived appellate review of his claim of error as a matter of law *(People v Santiago,* 52 NY2d 865, 866). In any event, it is presumed that the jury understood and followed the court's proper curative instruction *(People v Davis,* 58 NY2d 1102), and considering that defense counsel made reference to the issue in his summation, and there was

no real identification issue, defendant's claim of undue prejudice must be rejected.

Despite a possible single misstatement by the trial court in its jury charge on reasonable doubt, we perceive no reversible error, as the charge as a whole conveyed the appropriate legal principle *(People v Coleman,* 70 NY2d 817). Concur—Wallach, J. P., Kupferman, Ross and Kassal, JJ.