■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TORRES, Appellant. [606 NYS2d 7] —Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered December 3, 1991, convicting defendant, upon a jury trial, of assault in the second degree (2 counts) and criminal possession of a weapon in the second degree and imposing two consecutive prison terms of 2⅓ to 7 years to run concurrently with a prison term of 4⅔ to 14 years, respectively, unanimously affirmed.

The trial court did not abuse its discretion in denying defendant's mistrial motion, following a prosecution witness's reference to defendant's prior drug dealing. The response was elicited during defense counsel's cross-examination of the witness concerning the circumstances under which he had observed defendant prior to the shooting in question. Thus, defendant "opened the door" to the response. Furthermore, no prejudice can be discerned as the court struck the answer and gave a prompt curative instruction. Since defendant requested no further curative instruction, he has waived appellate review of his claim of error as a matter of law *(People v Sutton,* 195 AD2d 370). Defendant's other claim of prejudice concerning a further elicitation by defense counsel of his purported involvement in "selling" drugs, during re-cross-examination of the witness, was not the subject of any appropriate objection. Thus, this matter is unpreserved for appellate review (CPL 470.05 [2]). Finally, defendant's challenges to various comments made by the prosecutor during summation are unpreserved for appellate review *(People v Park,* 188 AD2d 310, *lv denied* 81 NY2d 845), and we decline to review them in the interest of justice. Concur—Rosenberger, J. P., Ellerin, Kupferman and Rubin, JJ.