■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ORTIZ, Appellant. [629 NYS2d 235] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered January 15, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

Defendant's claim that the prosecutor's summation comment that defendant was a "sophisticated drug dealer" improperly attempted to establish guilt by criminal propensity and constituted improper bolstering of the People's witnesses is unpreserved for appellate review as a matter of law, since the trial court sustained defendant's objection thereto and gave a prompt curative instruction and defendant requested no further curative relief nor a mistrial (*People v Medina*, 53 NY2d 951, 953; *People v Sutton*, 195 AD2d 370, *lv denied* 82 NY2d 904), and we decline to review the issue in the interest of justice. If we were to review it, we would find that the comment in question was appropriately responsive to the defense argument that defendant must be innocent because he had neither drugs nor buy money in his possession when arrested (*see, People v Marks*, 6 NY2d 67, 78, *cert denied* 362 US 912). Also unpreserved, for failure to object (CPL 470.05 [2]), is defendant's claim that the prosecutor improperly became an unsworn witness and vouched for her witnesses when she stated that defendant was the person who made the sale to the undercover officer, which comments in any event, taken in context, were not expressions of personal belief but rather an appropriate response to defendant's challenge to the credibility of the People's witnesses. The same is true with respect to the prosecutor's comments that the police witnesses, unlike defendant, had no motive to lie, and could have done a better job of lying if they were so inclined. These remarks, the subject of a detailed curative instruction, were directly responsive to defendant's claim that the police testified knowing that he was innocent. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.