■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RIVERA, Appellant. [637 NYS2d 47] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 29, 1993, convicting defendant, after a jury trial, of burglary in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent prison terms of $3^{1}/_{2}$ to 7 years and 1 year, respectively, unanimously affirmed.

Defendant's challenges to the prosecutor's summation are all unpreserved and, in any event, without merit. The comment that the police witnesses had no motive to lie was responsive to defense disparagement of police testimony; the comment that the issue of permission was not "contested" was justified by the record; and the comment that defendant and the codefendant had taken different positions on whether the pair had actually entered the building was an accurate reference to an obvious fact. Concur—Ellerin, J. P., Kupferman, Ross, Williams, and Tom, JJ.

■ KAREN APPEL-MELLER (GROSSMAN), Respondent, v HENRY MELLER, Appellant. [637 NYS2d 13] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about August 29, 1994, which, *inter alia,* granted plaintiff's cross-motion to confirm the report of the Special Referee and directed entry of judgment in plaintiff's favor in the sum of $12,000 for child support arrears, unanimously affirmed, without costs.

The record clearly establishes that defendant is delinquent in his support obligations, and the IAS Court therefore properly confirmed the Referee's interim report to the extent that it found him to be in arrears in the amount indicated. Assuming *arguendo* that plaintiff has, as defendant maintains, interfered with his access to the parties' daughter, he was not justified in resorting to self-help by simply failing to satisfy his financial obligations. Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.