■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BRYANT, Appellant. [669 NYS2d 266] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered April 1, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and unlawful possession of marijuana, and sentencing him to a prison term of 1½ to 4½ years and an unconditional discharge, respectively, unanimously affirmed.

According due deference to the credibility determinations of the jury and viewing the evidence in the light most favorable to the People (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), evidence that defendant was positioned to screen potential customers of a drug selling operation conducted out of an apartment building lobby, followed the undercover officer into the building and to the person who made the hand-to-hand transaction, frisked the officer to determine his viability as a drug purchaser, stood by as the transaction was completed, and was arrested at the location of the drug transaction and with the other person, approximately five minutes after the transaction was completed, was legally sufficient to prove defendant's guilt of criminal sale of a controlled substance in the third degree on an acting in concert theory (*see, People v Thomas*, 227 AD2d 196, *lv denied* 88 NY2d 943).

The record supports the court's finding that the prosecutor's stated reasons for exercising peremptory challenges against three black venirepersons were not pretextual. Defendant failed to meet his burden of demonstrating pretext (*see, People v Wint*, 237 AD2d 195, *lv denied* 89 NY2d 1103).

The court appropriately exercised its discretion in denying defendant's motion for a mistrial based upon the prosecutor's inadvertent elicitation of testimony that defendant possessed a beeper at the time of his arrest. The inadvertent reference was not so prejudicial as to constitute grounds for a mistrial (*People v Tolbert*, 202 AD2d 171, *lv denied* 84 NY2d 833). The striking of the reference and instruction to the jury to disregard it was an adequate remedy under the circumstances.

. Any potential prejudice caused by the prosecutor's brief summation reference to the law regarding accessorial liability in attempting to respond to a related defense summation argument was dissipated by the prosecutor's prefatory comment that the court would instruct the jury on the relevant law, as well as by the court's prompt ruling cautioning the prosecutor that instructions on the law would come from the court and the court's similar instructions to the jury in connection with the final charge (*see, People v Park*, 188 AD2d 310, *lv denied* 81 NY2d 845).

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Concur— Nardelli, J. P., Wallach, Williams and Mazzarelli, JJ.