THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN PETERSON, Appellant. [936 NYS2d 890]

The prosecutor's summation did not deprive defendant of a fair trial (*see generally People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]), and the court properly exercised its discretion in denying defendant's mistrial motions directed at the prosecutor's summation. Although defendant claims that the prosecutor engaged in improper bolstering or vouching for police witnesses, the remarks at issue were permissible responses to defense attacks on the officers' credibility (*see e.g. People v Rivera*, 223 AD2d 445 [1996], *lv denied* 88 NY2d 884 [1996]; *People v Ortiz*, 217 AD2d 425 [1995], *lv denied* 86 NY2d 799 [1995]). Although the prosecutor made some inappropriate attacks on a defense witness's credibility, there was nothing so egregious as to warrant reversal. Under the circumstances of the case, the fact that defendant was acquitted of all felony charges is a strong indication that the challenged remarks did not cause any prejudice. Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.