OPINION OF THE COURT
Gabrielli, J.
Defendant was convicted of three counts of murder in the second degree (Penal Law, § 125.25), one count of robbery in the first degree (Penal Law, § 160.15) and one count of burglary in the first degree (Penal Law, § 140.30). His convictions were affirmed by the Appellate Division, without opinion. On this appeal, defendant seeks reversal of his convictions on the basis of the prosecutor’s actions at the trial, which are claimed to have made him an “unsworn witness” against defendant. As we find no merit in defendant’s argument, there should be an affirmance.
On December 2, 1977, three persons were murdered in their Lower East Side apartment. Defendant was arrested six months later for his part in these murders, which were believed to have occurred during the course of a robbery. After being advised of his Miranda rights, defendant initially denied having taken any part in the crimes. Some time later, however, defendant changed his mind and asked to speak to a homicide detective. Defendant then confessed to his participation in the robbery of the victims, explaining that his accomplice actually shot the three victims during the course of the crime. The detective took down the confession in longhand.
*291 Some time after defendant made this statement, Assistant District Attorney Cooper and a stenographer arrived at the station house to record defendant’s confession. This second confession was essentially the same as the first statement defendant had given to the detective, with some additional details.
Defendant’s pretrial motion to suppress his confessions was denied. The defendant was tried before a jury, but a mistrial was ultimately declared when it was found that information not in evidence had been inadvertently shown to the jurors during their deliberations.
At the start of defendant’s retrial, on the voir dire of the jury, Assistant District Attorney Cooper, who had taken defendant’s second confession, asked the prospective jurors the following question: “Will any of you have any problem with the fact that I took the statement?” The following day, defense counsel moved for a mistrial, because the jury had been informed of the prosecutor’s role in taking the confession, explaining that he had intended all along to request that this information be kept from the jury.[1] Defense counsel argued that the fact that Mr. Cooper had taken the second confession created a risk that he would become an unsworn witness at trial. The court denied the motion, but declared its intention to keep references to Mr. Cooper’s pretrial involvement to a minimum, inasmuch as the voluntariness of the confession would be an important issue at trial.
During the trial, Assistant District Attorney Cooper did make reference to the fact of his presence during defendant’s second confession. On direct examination, he asked a witness, without defense objection, “ did I or anybody else yell at the defendant?” In addition, again without objection, Mr. Cooper read the defendant’s confession to the jury, including its references to himself as the questioner.
Defendant’s convictions were affirmed by the Appellate *292 Division, without opinion. On the present appeal, defendant argues that he was deprived of due process and the right to confront the witnesses against him when the prosecutor informed the jury that he had taken the stenographically recorded confession. As a result of the trial court’s denial of defendant’s motion for a mistrial, it is claimed that the prosecutor effectively became an unsworn witness against defendant.
We believe it appropriate to apply the rule announced in People v Paperno (54 NY2d 294 [decided herewith]), as the present case involves the similar problem of the prosecutor’s becoming an unsworn witness against defendant, although the case does not arise in precisely the same procedural posture.[2] We begin by noting that the decision to grant or deny a motion for a mistrial is within the trial court’s discretion (Hall v Potoker, 49 NY2d 501; People v Michael, 48 NY2d 1; Matter of Napoli v Supreme Ct. of State of N. Y., 40 AD2d 159, affd 33 NY2d 980). That we will not interfere with this decision unless it amounts to an abuse of discretion is clear (Hall v Potoker, supra).
We conclude that, on the showing made by defense counsel, the trial court did not abuse its discretion in denying the motion for a mistrial.[3] It was not established that the prosecutor would be called as a witness, nor that there was any significant likelihood that the prosecutor’s conduct would become a material issue at the trial. Rather, in argu *293 ing that the voluntariness of the confession would be a major issue at trial, defense counsel focused on the circumstances surrounding the first confession, which was taken by the homicide detective. It was never claimed that the prosecutor himself had coerced or intimidated defendant at the time of the stenographic recording of the second confession.[4]
We also reject defendant’s claim that he was deprived of due process by the prosecutor’s conduct at the trial, inasmuch as defendant has not demonstrated a substantial likelihood of prejudice flowing from the prosecutor’s references to his pretrial involvement in eliciting the second confession[5] (see People v Paperno, 54 NY2d 294, supra [decided herewith]). The prosecutor’s pretrial conduct never became, in actuality, an issue at the trial. Although it may have been preferable to avoid all mention of the prosecutor’s pretrial role, we nevertheless conclude, under the circum- . stances of this case, that defendant has not demonstrated the likelihood of prejudice necessary to warrant a reversal of his conviction.
We have examined defendant’s remaining contention, and find it to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. Defense counsel’s excuse for the delay was that it had never occurred to him that the prosecutor would bring this information out on the voir dire. However, it appears that Mr. Cooper had done exactly the same thing on the prior trial in which defense counsel also participated. Thus, defense counsel’s claim of surprise is untenable.

. In Papernó, defendant had moved to recuse the prosecutor just prior to trial, on the basis that he intended to call the prosecutor as a witness, and on the additional basis that the prosecutor would be in a position to argue his own credibility before the jury. The present case involves a motion for a mistrial on the ground that the prospective jurors had been informed of the prosecutor’s pretrial involvement with the case against defendant. Despite the varying procedural contexts in the two cases, they raise the same essential issue of when the prosecutor’s pretrial role may affect the ability of defendant to receive a fair trial.

. While the question of timeliness on a motion for a mistrial is not usually a primary consideration, the court would have been within its discretion in considering this factor. In the posture of cases such as this, if it becomes clear that defendant was aware of the potential risk that the prosecutor would become an unsworn witness against him for a lengthy period of time before the trial, it is certainly not without significance that he delayed in making his request until a point in the proceedings where the only possible relief was to abort the trial.

. We note here, as we recognized in Pwperno, that the trial court might have fashioned a less drastic remedy than mistrial at this point. It might have been preferable for the court to have ordered that those parts of defendant’s confession identifying the prosecutor be redacted. Nevertheless, under the circumstances of this case, we conclude that the court’s failure to do so did not deprive defendant of a fair trial.

. It is also relevant that defendant never objected to the actions of the prosecutor which are now claimed to have deprived defendant of due process. This may, in a given case, support the view that the prosecutor’s pretrial conduct was not a material issue, inasmuch as the defendant made no effort to object to it at a time when potential prejudice could more likely have been avoided.