■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ONOFRIETTI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered August 8, 1980, convicting him of two counts of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant has failed to demonstrate that he was prejudiced by the fact that portions of the jury voir dire had not been recorded (*see, People v Pepper,* 59 NY2d 353, 358-359), and in any event, since it was never requested that the voir dire be recorded, failure to do so did not constitute error (*People v Begg,* 86 AD2d 693). A proper foundation was established for the admission into evidence of the tape recording of telephone conversations between defendant and the undercover officer (*People v McGee,* 49 NY2d 48, 60, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Tayeh,* 96 AD2d 1045). It was not an abuse of discretion for the trial court to permit the undercover officer to testify about a prior conversation with defendant in which defendant said he had cocaine. The limited background evidence was highly probative to show defendant's intent, his involvement in the sale and the absence of misidentification (*People v Vails,* 43 NY2d 364, 368-369; *People v Montanez,* 41 NY2d 53, 58; *cf. People v Tucker,* 102 AD2d 535). Any prejudice which might have arisen from the codefendant's brief reference to defendant "cutting" cocaine on a prior occasion was alleviated by the court's prompt instruction to the jury to disregard the testimony (*People v Santiago,* 52 NY2d 865, 866).

We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.