■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME BARON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered May 30, 1985, convicting him of burglary in the

first degree, attempted robbery in the second degree (two counts), assault in the second degree, burglary in the second degree, robbery in the first degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's various motions for a mistrial were properly denied. The decision to grant or deny a mistrial is within the discretion of the trial court (see, People v Ortiz, 54 NY2d 288, 292), since it is within the court's purview to determine whether an error "is prejudicial to the defendant and deprives him of a fair trial" (CPL 280.10 [1]). None of the alleged errors raised on appeal, either separately or cumulatively, created such prejudice as would mandate the grant of a mistrial. Neither a witness's reference to the prior suppression hearing nor the exclusion of a witness's name from the list of witnesses read to the jury generated the type of prejudice contemplated by CPL 280.10. Furthermore, although the prosecutor acted improperly in attempting to elicit from the defense witness testimony regarding the defendant's prior bad acts, the only time he successfully did so the court's prompt curative instruction alleviated any prejudice that might have arisen (see, People v Onofrietti, 109 AD2d 896, 897).

The inadvertent observation by an alternate juror of the defendant being escorted by court officers cannot have created any prejudice under the circumstances, in light of the court's inquiry of that individual and subsequent instructions to him. Additionally, the admission into evidence of a photograph of the defendant's brother was entirely proper once the defendant raised the defense of mistaken identity through testimony that the defendant's brother, rather than the defendant, was the perpetrator. In fact, we note that it was the defendant himself who placed the photograph into evidence.

The defendant was not entitled to a jury charge of burglary in the second degree as a lesser included offense of burglary in the first degree. Although it is theoretically impossible to commit the greater offense without concomitantly committing the lesser, in this case, no reasonable view of the evidence supports a finding that the defendant committed the lesser crime but not the greater (see, People v Glover, 57 NY2d 61); there simply was no evidence from which it could be concluded that he burglarized the home of Blanche Daniell but did not physically injure her.

The court's Wade and Sandoval rulings were in all respects proper. Finally, the issue the defendant now raises regarding

the remission of his forfeited bail is not properly raised on the appeal from his judgment of conviction, as the matter is civil in nature *(see, People v Public Serv. Mut. Ins. Co.,* 37 NY2d 606, 610) and is not brought up for review by his notice of appeal from the criminal conviction. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.