■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT M. McAVOY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered October 21, 1988, upon a verdict convicting defendant of the crime of burglary in the second degree.

The indictment against defendant contained four counts. The first and second counts charged defendant with having committed the crime of burglary in the first degree; the third

and fourth counts charged defendant with the crime of assault in the second degree. These crimes were alleged to have occurred in August 1987 at the first-floor apartment of Bessie Sheeran in the City of Troy, Rensselaer County. During the course of the crime, Sheeran, who was 92 years of age, was struck on the head with an old hammer. Blood on her face and head and on the floor was observed by her upstairs neighbor, Erwin Prespare, when he came to her aid. Prespare testified that upon entering the victim's apartment he found broken glass on the floor of the dining room; three locked doors were opened and had been tampered with; and a screen had been cut and a pane of glass in one door broken. Police investigation at the scene revealed a palm print and a fingerprint which, according to expert testimony at trial, matched those of defendant.

Based on the evidence as outlined, the jury found defendant guilty of only burglary in the second degree, which was charged as a lesser included offense of the crimes of burglary in the first degree charged in the indictment. An indeterminate prison sentence of 2⅓ to 7 years was imposed.

On this appeal, defendant claims that County Court improperly charged burglary in the second degree as a lesser included offense, especially since such crime was not specifically charged in the indictment; that it was reversible error to preclude defendant from cross-examining the witness Prespare about his 36-year-old burglary conviction; that the indictment was defective; and that the evidence supporting both the indictment and the trial verdict was legally insufficient.

We find no merit in any of these contentions. There was ample evidence of the commission of a burglary of the dwelling of Sheeran and the palm and fingerprint evidence sufficiently connected defendant to the commission of that crime. It further appeared that defendant had been seen in the hallway of that dwelling on two occasions in 1986 when he came there with his grandmother who was visiting Sheeran's sister.

As to the 36-year-old burglary conviction of the witness Prespare, we find that County Court properly excluded, in the exercise of its discretion, any inquiry about that conviction. In any event, this ruling, in the face of the physical evidence present, could have had no bearing on the outcome of defendant's trial. Next, inasmuch as burglary in the second degree is conceptually a lesser included offense of burglary in the first degree *(People v Baron,* 133 AD2d 833, *lv denied* 70 NY2d 929; *People v Koberstein,* 103 AD2d 1021, *affd* 66 NY2d 989), it

was properly submitted to the jury on the facts of this case, without having been specifically charged in the indictment *(see,* CPL 300.50 [1], [2], [3]).

Defendant's attack on the indictment, which is centered on the number of grand jurors who voted for a true bill, is likewise untenable. The record reveals that County Court examined the indictment in camera and ascertained that the requirements of CPL 210.35 were satisfied through the log kept by the secretary of the Grand Jury, which showed that 22 grand jurors were present and 21 voted for a true bill. The sufficiency of the evidence before the Grand Jury is no longer critical following conviction. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.