■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Robert L. Martin, Appellant

On appeal, defendant does not contest the court's finding that defendant waived his right to be present at trial. Rather he asserts that it was an abuse of discretion for the court to deny his motion for an adjournment and to begin the trial in his absence (see, People v Parker, supra, at 142). Given defendant's ample notification of the trial date, along with the delay that would be necessitated by a continuance, and the absence of any knowledge of defendant's whereabouts, we find no abuse of discretion in the court's commencement of defendant's trial in his absence (see, People v Quamina, 161 AD2d 1110, lv denied 76 NY2d 943; People v Smith, 148 AD2d 1007, 1008, lv denied 74 NY2d 747).

During the noon recess of the first day of defendant's trial, the court received a telephone call from Canadian authorities that defendant had been detained at the border and that he would probably be released in two to three weeks. When the court advised defense counsel of that conversation, counsel moved for a mistrial. County Court denied the motion. Defendant contends that the court erred in denying that motion. We disagree. Defendant voluntarily left the jurisdiction and, in doing so, violated the terms of his bail. Additionally, from the information received by the court, the trial would have had to be delayed for a minimum of two to three weeks if a mistrial was granted. Based on those facts, we find no abuse of discretion in the court's denial of defendant's motion for a mistrial (see, People v Ortiz, 54 NY2d 288, 292).

On the following day, defendant appeared at trial and defense counsel renewed his motion for a mistrial. Defendant advised the court that he left for Canada on Friday, April 6 to

visit his ill granddaughter. Defendant asserted that on April 9, the morning of the trial, he attempted to return to the United States, but was detained by Canadian officials. He further asserted that his mother was mistaken in her statement that he left on Sunday night. The court denied defendant's motion and instructed the jury that defendant had been unavoidably detained "due to circumstances beyond his control" and that he was "[n]ow present to assist in the defense of his case".

Defendant contends that County Court abused its discretion in denying his motion for a mistrial. Given the unusual circumstances of this case, and the court's curative instruction alleviating any prejudice to defendant, we find that the court did not abuse its discretion in denying defendant's motion for a mistrial.

Defendant further contends that County Court erred in denying his motion for a mistrial when four jurors inadvertently viewed a mug shot of defendant that had not been introduced in evidence. Although the jurors should not have been allowed to observe defendant's mug shot, we conclude that the trial court properly denied defendant's motion because the error did not "depriv[e defendant] of a fair trial" (CPL 280.10 [1]; *see, People v Baron,* 133 AD2d 833, 834, *lv denied* 70 NY2d 929). Furthermore, any prejudicial effect to defendant was ameliorated by the court's curative instruction to the jury that it was not to consider the photograph *(see, People v Mason,* 128 AD2d 812, *lv denied* 70 NY2d 651). (Appeal from Judgment of Niagara County Court, DiFlorio, J. —Forgery, 2nd Degree.) Present—Callahan, J. P., Doerr, Lawton and Davis, JJ.