■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY VANN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Broomer, J.), rendered November 14, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The knife-wielding defendant and his accomplice robbed the complainant of his money on a Brooklyn street in the early morning hours of June 14, 1989. At trial, there was credible testimony that the street was well-lit by streetlights during the incident, and that the complainant had briefly observed the defendant in a face-to-face encounter. Shortly after the incident, the complainant pointed out the defendant to some police officers, about a block away from where the robbery had occurred, and they detained him. While one of the officers was conducting a pat-down search of the defendant, he recovered the knife that had been used to threaten the complainant minutes earlier.

The defendant's motion for a trial order of dismissal, based generally on the legal insufficiency of the evidence rather than on the theory of mistaken identity, lacked the necessary specificity to preserve the issue of mistaken identity for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish beyond a reasonable doubt that this defendant committed the robbery (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence.

The defendant also contends that he was unduly prejudiced by the complainant's testimony on direct examination concerning a threat that the defendant had made to him. Although the prosecutor had advised the complainant not to testify about that part of the threat which referred to the defendant's prior conviction for "killing someone", the information was unintentionally elicited. In lieu of granting the defendant's motion for a mistrial, the court immediately gave a curative instruction, limiting the jury's use of the statement, if credited, to its relevance to the defendant's state of mind at the time, and not for the truth of its content. The court provided further curative measures to dispel the taint of the statement, in its direction to the prosecutor prior to the summations and in its charge to the jury.

It is within the trial court's discretion to grant or deny a motion for a mistrial (see, CPL 280.10 [1]; People v Ortiz, 54

NY2d 288, 292). The giving of curative instructions is a frequently-used remedy to avoid a mistrial, in the proper circumstances. We find that the court's immediate and subsequent curative instructions succeeded in curing the prejudicial effect of the introduction of the statement, especially in light of the overwhelming evidence of the defendant's guilt *(see, People v Berg,* 59 NY2d 294, 299-300; *People v Baron,* 133 AD2d 833, 834; *People v Onofrietti,* 109 AD2d 896, 897). Thus, a mistrial was not warranted.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and conclude that they are either unpreserved for appellate review or without merit. Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.