■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK IDLET, Appellant. [617 NYS2d 489] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Duffity, J.), rendered September 9, 1988, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in not granting his application pursuant to CPL 730.30 for a fitness examination is meritless. The defense counsel made the appli-

cation after the defendant declined to accept a plea agreement offered by the District Attorney's Office. The reasons given to the court for the application was that the defendant did not give his attorney the feedback she expected even though the defendant seemed to understand the plea offer and that the defendant had psychiatric counseling when he was 14-years-old.

It is a settled law in this State that a defendant is not entitled to an evaluation as to his competency or capacity to stand trial (see, People v Armlin, 37 NY2d 167, 171). For a court to order an examination pursuant to CPL 730.30 (1), there must be some reasonable ground for believing that the defendant may be incapable of understanding the charges against him or aiding in his defense (see, People v Moye, 105 AD2d 853, 854). Under the facts of this case, we find that there was no objective reason to believe that the defendant was incapable of understanding the proceedings or of aiding in his own defense. The trial court, therefore, did not improvidently exercise its discretion in denying the defendant's application for an examination pursuant to CPL 730.30 (see, People v Smyth, 3 NY2d 184, 187).

The defendant's remaining contention that the admission of a 30-second soundless segment of a videotaped statement was reversible error is also meritless. A question was raised at trial regarding the defendant's appearance, which had changed from the time he committed the instant crime to the time of the trial. On the day he robbed the two complainants, the defendant wore braids in his hair. Four months later, when the complainants identified the defendant from the lineup, and later, at trial, the defendant's hair was not braided. The videotape was therefore relevant to the issue of identification of the defendant (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020).

The thirty-second segment of the videotape was devoid of any indication that the defendant was under arrest. Nor did the videotape suggest that the defendant was giving a statement or confession to this crime or to a separate crime. Further, the court gave immediate instructions to the jury that the admission of the segment was for identification purposes only (see, People v Martin, 179 AD2d 1044). Therefore, the admission of the thirty-second segment of the videotape did not amount to improper bolstering of the witnesses' identification testimony (see, People v Jones, 187 AD2d 730, 731). Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.