■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MORRIS, Appellant. [667 NYS2d 431] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered April 14, 1994, convicting him of burglary in the first degree (two counts), robbery in the first degree (six counts), robbery in the second degree (three counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification was not unduly suggestive. Although showup procedures are generally disfavored, they are permissible when they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see, People v Laing,* 221 AD2d 662). In this case, the defendant was identified within 10 minutes of the commission of the crime, in the lobby of the building in which the crime was committed.

The defendant's challenges to remarks made by the prosecutor during summation are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Scotti,* 220 AD2d 543). In any event, the prosecutor's statements did not exceed the broad bounds of rhetorical comment allowed on closing argument (*see, People v Galloway,* 54 NY2d 396). The statements were either reasonably inferable from the evidence (*see,. People v Ashwal,* 39 NY2d 105) or fair responses to arguments raised by the defense counsel during summation (*see, People v Rivera,* 158 AD2d 723).

Finally, we disagree with the defendant's contention that his conviction should be reversed based on his claim of ineffective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796). Rosenblatt, J. P., Ritter, Altman and Florio, JJ., concur.