■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOAJACK BROWN, Appellant. [671 NYS2d 293] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered May 17, 1995, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that improper comments made by the prosecutor during summation constituted reversible error. By failing to specifically object to most of these comments at trial, the defendant did not preserve this contention for appellate review as to those comments (*see*, CPL 470.05 [2]; *People v Wirts*, 178 AD2d 165). Moreover, the comments with respect to which any alleged error was preserved were proper responses to arguments that the defense counsel had made during summation (*see, People v Morris*, 246 AD2d 559; *People v Lamour*, 203 AD2d 388), may be characterized as fair comment on the evidence (*see, People v Hill*, 176 AD2d 755, 756), or were not so prejudicial as to constitute reversible error, especially in light of the court's curative instructions (*see, People v Ferrara*, 220 AD2d 612; *People v Rivera*, 142 AD2d 614).

Furthermore, the court did not err in denying the defendant's application for a mistrial based on the partial testimony of a prosecution witness who began to relate reports of past acts of violence committed by the defendant. Whether to grant a request for a mistrial rests within the sound discretion of the trial court (*see, People v Ortiz*, 54 NY2d 288), which is in the best position to determine if it is necessary to protect the defendant's right to a fair trial (*see, People v Cooper*, 173 AD2d 551). In any event, the court sustained the defendant's objection to the testimony.

The sentence imposed upon the defendant was neither harsh nor excessive (*see, People v Suitte*, 90 AD2d 80). Joy, J. P., Krausman, Florio and Luciano, JJ., concur.