■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL ANTOMARCHI, Appellant. [692 NYS2d 303] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 1, 1996, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The evidence was legally sufficient to establish defendant's guilt of the crime of which he was convicted and the verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. Given these determinations, we find that the accomplices' testimony was sufficiently corroborated by independent proof to meet the requirements of CPL 60.22 (1) (*see, People v Hudson*, 51 NY2d 233). Contrary to defendant's "masked repugnancy" claim (*see, People v West*, 233 AD2d 277, *lv denied* 89 NY2d 947), his acquittal of the sale count did not undermine the weight and sufficiency of the evidence on the conspiracy count of which he was convicted.

The court's supplemental charge, when viewed as a whole, properly conveyed the appropriate legal standards (*People v Fields*, 87 NY2d 821).

Since defendant never asked the court to caution the jury or to follow a procedure different from the one it adopted after the codefendant's outburst, defendant's contentions that the court should have issued curative instructions and immediately questioned the jurors about the effect of the outburst have not been preserved for appellate review, and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant was not deprived of a fair trial. Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.