◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN MADRAMOOTOO, Appellant. [700 NYS2d 864] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered May 14, 1998, convicting him of assault in the first degree, assault in the second degree (three counts), criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court should have declared a mistrial because of the verbal confrontation between his counsel and the prosecutor in front of the jury is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the decision to declare a mistrial is within the discretion of the Supreme Court, which is in the best position to determine if it is necessary to protect a defendant's right to a fair trial (*see,* CPL 280.10 [1]; *People v Ortiz,* 54 NY2d 288, 292; *People v Brown,* 249 AD2d 320). The prompt curative instructions were sufficient to cure any prejudicial effect that the confrontation may have had on the jury, especially in light of the overwhelming evidence of the defendant's guilt (*see, People v Berg,* 59 NY2d 294, 299-300; *People v Vann,* 182 AD2d 655, 657).

The defendant was not deprived of the effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.