■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHURIRAM SEECHARAN, Appellant. [700 NYS2d 479] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered March 25, 1998, convicting him of assault in the first degree and assault in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the appellant's motion for a mistrial based upon a verbal confrontation between the counsel for the codefendant Julian Madramootoo and the prosecutor in front of the jury (see, People v Madramootoo, 267 AD2d 477 [decided herewith]; CPL 280.10 [1]; People v Ortiz, 54 NY2d 288, 292; People v Brown, 249 AD2d 320). The prompt curative instructions were sufficient to cure any prejudicial effect that the confrontation may have had on the jury, especially in light of the overwhelming evidence of the defendant's guilt (see, People v Berg, 59 NY2d 294, 299-300; People v Vann, 182 AD2d 655, 657).

The defendant was not deprived of the effective assistance of counsel (see, People v Benevento, 91 NY2d 708).

The defendant contends that the Supreme Court failed to properly determine whether the prosecutor's proffered explanations for the exercise of three peremptory challenges of black female potential jurors were pretextual. As the defendant did not articulate to the Supreme Court any reason why the explanations were pretextual, his contention is unpreserved for appellate review (see, People v Payne, 88 NY2d 172, 181; People v West, 243 AD2d 590). In any event, the Supreme Court properly found that the explanations given by the prosecutor were not pretextual (see, People v Allen, 86 NY2d 101).

Where, as here, there had been several extended delays of the trial, the Supreme Court properly discharged a sworn juror who was very ill and would be unable to perform her duties for at least one day (see, CPL 270.35; People v Page, 72 NY2d 69).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.