■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN QUEZADA, Appellant. [850 NYS2d 49]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Marcy L. Kahn, J., at jury trial and sentence), rendered December 17, 2004, convicting defendant of robbery in the first degree and burglary in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The victim and her daughter, who was an eyewitness, separately viewed a lineup, at which neither witness made an identification. The lineup was then terminated. Shortly thereafter, the two witnesses had a conversation in another part of the police station that was overheard by an officer. The victim's daughter then revealed to the police that the third lineup participant (defendant) was the robber, but that she had been too scared to say so. The police did not resume the lineup or conduct any other identification procedures. At trial, the victim made an in-court identification of defendant. Her daughter was unable to do so, but testimony was received as to what transpired during and after the lineup.

Defendant, who concedes that the police generally have no obligation to keep witnesses separate *after* a lineup, argues that this lineup was rendered unlawfully suggestive by the fact that the victim and her daughter conversed with each other after viewing the lineup but, as defendant puts it, "before making their identifications." However, this was not a situation where the police showed witnesses a lineup, permitted them to confer, and then asked them to make identifications. Here, by contrast,

the lineup ended when the witnesses stated they were unable to identify anyone. What ensued at the police station was legally indistinguishable from what would have occurred had the witnesses gone home, conferred, and then contacted the police. We conclude that there was nothing about the post-lineup discussion that rendered any of the identification evidence constitutionally inadmissible.

Similarly, the court properly exercised its discretion when it denied defendant's request to call the victim and her daughter as witnesses at the *Wade* hearing (*see generally People v Chipp*, 75 NY2d 327, 337 [1990], *cert denied* 498 US 833 [1990]). We have considered and rejected defendant's remaining suggestiveness claims, and his claim that the lineup evidence should have been suppressed as the fruit of a violation of *Payton v New York* (445 US 573 [1980]).

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility and identification. In addition to reliable identification testimony, there was credible testimony from defendant's ex-girlfriend that he bragged about the crime.

The court properly exercised its discretion in striking a prejudicial remark and giving a curative instruction instead of declaring a mistrial (*see People v Santiago*, 52 NY2d 865 [1981]; *People v Ortiz*, 54 NY2d 288, 292 [1981]).

We find no basis to disturb the sentence. Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.