■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BROWN, Appellant. [965 NYS2d 892]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered June 22, 2011, convicting him of burglary in the second degree, criminal mischief in the fourth degree (three counts), aggravated criminal contempt (three counts), criminal contempt in the first degree (four counts), robbery in the third degree, stalking in the first degree, assault in the third degree (two counts), and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a mistrial was warranted due to the complaining witness's outbursts during cross-examination or, in the alternative, that a curative instruction was required to alleviate any prejudice that he may have suffered, is unpreserved for appellate review since he failed to request such relief at trial (*see* CPL 470.05 [2]; *People v Madramootoo*, 267 AD2d 477 [1999]; *People v Antomarchi*, 261 AD2d 312 [1999]; *People v Harvin*, 254 AD2d 29 [1998]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant was not deprived of the effective assistance of

trial counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Moreover, contrary to the defendant's contention, even if his initial assigned counsel failed to act on the defendant's desire to testify before the grand jury, any such failure on the part of counsel did not, under the circumstances of this case, amount to the denial of the effective assistance of counsel (*see People v Simmons*, 10 NY3d 946, 949 [2008]; *People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v Griffith*, 76 AD3d 1102 [2010]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.