People v McKay (2021 NY Slip Op 04870)





People v Mckay


2021 NY Slip Op 04870


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


610 KA 16-01829

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
IAN S. MCKAY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, JEFFREY WICKS, PLLC (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered August 16, 2016. The judgment convicted defendant upon a jury verdict of rape in the third degree, criminal contempt in the second degree and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the third degree (Penal Law § 130.25 [3]), criminal contempt in the second degree (§ 215.50 [3]), and harassment in the second degree (§ 240.26 [1]). We affirm.
Defendant contends that Supreme Court erred in denying his motion for a mistrial after one of the victims testified, in violation of the court's pretrial ruling precluding any evidence that defendant had guns in the home, that she feared that defendant had "weapons" in his home. We conclude that the court did not abuse its discretion in denying the motion (see People v Garcia, 148 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 980 [2017]; see generally People v Ortiz, 54 NY2d 288, 292 [1981]). Although it denied the motion for a mistrial, the court sustained defendant's objection to the testimony, struck the offending portion from the record, and provided "the jury with a curative instruction directing them to disregard the improper testimony, which 'the jury is presumed to have followed' " (People v Urrutia, 181 AD3d 1338, 1338-1339 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]; see People v DeJesus, 110 AD3d 1480, 1482 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]; People v Hawkes, 39 AD3d 1209, 1210 [4th Dept 2007], lv denied 9 NY3d 845 [2007]).
We also reject defendant's contention that the court erred in refusing to sever count one of the indictment, charging rape in the third degree, from counts two and three, charging criminal contempt in the second degree and harassment in the second degree with respect to a separate victim. The counts were properly joined pursuant to CPL 200.20 (2) (b), and the court therefore "lacked statutory authority to grant defendant's [severance] motion" (People v Murphy, 28 AD3d 1096, 1097 [4th Dept 2006], lv denied 7 NY3d 760 [2006]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict with respect to rape in the third degree is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]). The jury was "entitled to credit the testimony of the People's witnesses . . . over the testimony of defendant's witnesses, including that of defendant [himself]," and we perceive no reason to disturb those [*2]credibility determinations (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]). In particular, we note that there was nothing about the victim's testimony that was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]; see People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]).
Finally, we note that the amended certificate of conviction must be corrected to reflect that Joanne M. Winslow, J., presided at trial and sentencing (see People v Sweney, 55 AD3d 1350, 1352 [4th Dept 2008], lv denied 11 NY3d 901 [2008]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court