People v Mercado-Gomez (2022 NY Slip Op 03635)

People v Mercado-gomez

2022 NY Slip Op 03635

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

434 KA 18-00691

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAMON MERCADO-GOMEZ, DEFENDANT-APPELLANT. 

JOHN J. RASPANTE, UTICA, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered December 8, 2017. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child, sexual abuse in the first degree (three counts), criminal sexual act in the third degree, sexual abuse in the third degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96) and three counts of sexual abuse in the first degree (§ 130.65 [4]). We affirm.
Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Riley, 182 AD3d 1017, 1018 [4th Dept 2020], lv denied 35 NY3d 1069 [2020]) because there is "a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]).
Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]; see People v McKay, 197 AD3d 992, 993 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]). Here, the jury was "entitled to credit the testimony of the People's witnesses, including that of the victim[s], over the testimony of defendant's witnesses, including that of defendant [himself]," and we perceive no reason to disturb the jury's credibility determinations in that regard (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]). We conclude that there was nothing about the victims' trial testimony that was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018] [internal quotation marks omitted]). To the extent that there were any inconsistencies in or between the two victims' testimony, we conclude that their testimony, considered either singly or together, "was not 'so inconsistent or unbelievable as to render it incredible as a matter of law' " (People v Lewis, 129 AD3d 1546, 1548 [4th Dept 2015], lv denied 26 NY3d 969 [2015]; see People v O'Neill, 169 AD3d 1515, 1515-1516 [4th Dept 2019]), and any such inconsistencies merely presented issues of credibility for the jury to resolve (see People v Cross, 174 AD3d 1311, 1314-1315 [4th Dept 2019], lv denied 34 NY3d 950 [2019]). Further, defendant's contention concerning the lack of forensic evidence corroborating the victims' testimony is unavailing [*2]"inasmuch as the testimony of [the victims] can be enough to support a conviction" (People v Goodson, 144 AD3d 1515, 1515-1516 [4th Dept 2016], lv denied 29 NY3d 949 [2017] [internal quotation marks omitted]; see Streeter, 118 AD3d at 1288; see generally People v Foulkes, 117 AD3d 1176, 1176-1177 [3d Dept 2014], lv denied 24 NY3d 1084 [2014]; People v Lozada, 41 AD3d 1042, 1043 [3d Dept 2007], lv denied 9 NY3d 924 [2007]).
Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court