People v Dean (2022 NY Slip Op 07352)

People v Dean

2022 NY Slip Op 07352

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

816 KA 18-02381

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN R. DEAN, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 6, 2018. The judgment convicted defendant upon a jury verdict of driving while intoxicated, a class E felony (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [i] [A]), defendant contends that the verdict is against the weight of the evidence. More specifically, although defendant concedes that he was intoxicated at the time of his arrest, he contends that the People failed to prove the element of operation of a motor vehicle beyond a reasonable doubt. We reject defendant's contention.
The arresting officer testified at trial that, upon stopping a vehicle for a traffic infraction, he observed defendant hurriedly exit the vehicle from the driver's seat and walk around to the front passenger door. According to the officer, a woman was in the front passenger seat. The officer further testified that defendant, before submitting to field sobriety tests, said that the woman in the vehicle had initially been driving and that he "just started driving a little bit ago." Defendant later said to the officer, "I know I f***ed up. It's my fault." Although defendant and the woman testified that defendant was in the passenger seat when the vehicle was stopped and that defendant was not driving that evening, the conflicting testimony merely raised issues of credibility for the jury to resolve (see generally People v McKay, 197 AD3d 992, 993 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court