People v Anderson (2022 NY Slip Op 07322)

People v Anderson

2022 NY Slip Op 07322

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

756 KA 17-01154

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY M. ANDERSON, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered March 31, 2017. The judgment convicted defendant upon a nonjury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law
§ 120.05 [12]), arising from an incident in which he attacked a
69-year-old man employed by a restaurant as a security officer, who was preventing defendant from entering the restaurant because defendant was attempting to bring outside liquor into the establishment. During the incident, defendant repeatedly struck the security officer in the head with his hands, and the video of the incident shows defendant kicking the officer in the head as the officer lay on the ground. Defendant contends that the verdict is against the weight of the evidence with respect to the element of physical injury. We affirm.
Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). At trial, the People did not contend that the victim's physical condition was impaired. Rather, they relied solely on the evidence that the victim suffered substantial pain. " '[S]ubstantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]). "Motive is relevant because an offender more interested in displaying hostility than in inflicting pain will often not inflict much of it" (Chiddick, 8 NY3d at 448). Here, photos of the injury were introduced at trial, and the security officer testified that, after the attack, he was dizzy, light-headed and had a pain level above 8½ out of 10, and that, for up to a month thereafter, he had pain in his head. In addition, the victim was prescribed ibuprofen for the pain, he obtained emergency medical treatment, and he followed up with further treatment with his own physician. Furthermore, the video recording of the incident shows that defendant engaged in an unprovoked attack on an elderly security guard with the obvious intent to cause harm. Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence on the issue of physical injury (see People v Talbott, 158 AD3d 1053, 1054 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, we note that the certificate of conviction must be corrected to reflect that Joanne M. Winslow, J., presided at trial and sentencing (see People v McKay, 197 AD3d 992, 993 [4th [*2]Dept 2021], lv denied 37 NY3d 1060 [2021]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court